# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Daniel Jackman,** | ) | **CASE NO. 1:10 CV 1720** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **State of Ohio Department of** | ) | |
| **Rehabilitation and Correction, et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### Introduction

This matter is before the Court upon Motion to Dismiss of Defendants Ohio Department of Rehabilitation and Correction, Richland Correctional Institution, and Julius Wilson (Doc. 3). This case arises out of plaintiff's former employment with defendants. For the following reasons, the motion is UNOPPOSED and GRANTED.

### Facts

Plaintiff, Daniel Jackman, filed this Complaint against defendants, State of Ohio

1

Department of Rehabilitation and Correction (ODRC); Julius Wilson, Warden[1], in his official capacity as an official of the State of Ohio Department of Rehabilitation and Correction; and Richland Correctional Institution (RCI).

Briefly, the Complaint alleges the following. Plaintiff was employed as a Corrections Officer by the ODRC since 2002, most recently at RCI until he was involuntarily separated in April 2008.  During his employment, plaintiff suffered from Keratoconus in both eyes, a progressive eye disease.  Two claims are set forth.  Count One alleges that defendants discriminated against plaintiff in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112.  Count Two alleges that defendants retaliated against plaintiff in violation of the ADA for requesting reasonable accommodations under the ADA and for filing a Charge of Discrimination against the ODRC.  Plaintiff seeks monetary damages against defendants as well as reinstatement to his position with back pay.

This matter is now before the Court upon Motion to Dismiss of Defendants Ohio Department of Rehabilitation and Correction, Richland Correctional Institution, and Julius Wilson.  Plaintiff has not opposed the motion.

**Discussion**

As arms of the state, ODRC, RCI, and Wilson, in his official capacity, are immune under the Eleventh Amendment from claims brought under Title I of the ADA seeking monetary relief. The Sixth Circuit has recognized that "the Eleventh Amendment does in fact bar suits against states by private individuals for money damages under Title I of the ADA."

---

[1] Defendants state that Wilson is no longer employed by ODRC and to their knowledge, he serves as Director of the United States Virgin Islands Bureau of Corrections.

*Dendinger v. Ohio,* 207 Fed. Appx. 521 (6th Cir. 2006) (citing *Bd. of Trs. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363-74 (2001) ).

There is an exception to Eleventh Amendment immunity for claims of injunctive relief against state officials in their official capacities where the action seeks prospective relief. Claims for reinstatement are prospective in nature and not barred by the Eleventh Amendment. *Carten v. Kent State University*, 282 F.3d 391 (6th Cir. 2002) (citations omitted). Defendants concede that to the extent plaintiff seeks prospective injunctive relief[2] for reinstatement against defendant Wilson in Counts One and Two, the counts may proceed.

**Conclusion**

For the foregoing reasons, Motion to Dismiss of Defendants Ohio Department of Rehabilitation and Correction, Richland Correctional Institution, and Julius Wilson is granted. All counts are dismissed with the exception of those asserted against defendant Wilson in his official capacity seeking prospective relief for reinstatement.

IT IS SO ORDERED.

     /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/30/10

---

[2] Back pay is not considered prospective relief.  *See Dunn v. Spivey*, 2009 WL 1322600 (M.D.Tenn. May 11, 2009); *Galli v. Morelli*, 2003 WL 22722057 (S.D.Ohio August 20, 2003).